UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY DROUILLARD,

    Plaintiff,                               Case No. 22-cv-10159

v.                                              Honorable Nancy G. Edmunds

URWA JUTT and URWA KHANSAA, INC.,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTIONAL SERVICE [4]**

This matter is before the Court on Plaintiff Jeremy Drouillard's Motion for Substitutional Service Upon Defendants Pursuant to Alberta Rules of Court 11.5, 11.9, and 11.28(1). (ECF No. 4.) As Defendants have not yet appeared in this matter, no response in opposition has been filed on their behalf.

**I.     Background**

Plaintiff alleges in his complaint that Defendant Urwa Jutt caused him injury by negligently operating a commercial vehicle on a Michigan highway on December 2, 2021. Drouillard further alleges that Defendant Urwa Khansaa, Inc. is responsible for the negligent acts of its employee and is liable for any injury caused to him by Jutt. According to the complaint, Jutt is a citizen of the Canadian province of Alberta and Urwa Khansaa, Inc. is a foreign corporation incorporated within, and with its principal place of business in, Alberta.

Plaintiff states in his motion that Jutt produced documentation at the scene of the collision that showed Urwa Khansaa, Inc.'s address as a P.O. Box in Vegreville, Alberta. Plaintiff found a physical address for the company and attempted personal service, but

1

the person that answered the door reported that Jutt was her landlord and did not live in the home himself. (*See* ECF No. 4, PageID.28.) She provided a phone number for Jutt to Plaintiff's process server who called the number and made contact with Jutt. (*Id.*) Jutt confirmed he did not live at the above stated address but indicated he would receive documents sent to his P.O. Box in Vegreville, Alberta. (*Id.*) This is the same P.O. Box listed on the police report from the scene of the collision. (*See* ECF No. 4, PageID.20.) The U.S. Department of Transportation shows an additional mailing address for Urwa Khansaa, Inc. at a different P.O. Box in the Canadian province of Ontario. (*See* ECF No. 4, PageID.25.)

Plaintiff states his process server mailed the summons and complaint through Canadian Recorded Mail to Defendants at the Alberta P.O. Box. Plaintiff's process server also sent a text message to the phone number for Jutt informing him that the mail was ready for him to pick up at his P.O. Box in Alberta. According to Plaintiff, the Recorded Mail has not yet been picked up by Defendants.

Plaintiff now requests this Court provide Plaintiff with an Order that would allow substitutional service on Defendants by mailing the summons and complaint along with a copy of the order through ordinary mail to the P.O. Box in Alberta and the P.O. Box in Ontario.

II. Analysis

Federal Rule of Civil Procedure 4(f) governs international service of process on an individual.[1] Specifically, Rule 4(f) provides three methods for service. First, Rule 4(f)(1) allows for service by "any internationally agreed means ... that is reasonably calculated

---

[1] A foreign corporation may also be served internationally through the methods described in Rule 4(f), except that a foreign corporation may not be served by personal delivery. Fed. R. Civ. P. 4(h)(2).

to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."[2] Fed. R. Civ. P. 4(f)(1). Second, Rule 4(f)(2) provides that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," then service may be effectuated (A) in accordance with the laws of the foreign country, (B) as directed by the foreign authority in response to a letter rogatory or letter of request, or (C) by delivering a copy of the summons and complaint to the individual personally, or by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt, unless prohibited by the foreign country's laws. Fed. R. Civ. P. 4(f)(2). Third, Rule 4(f)(3) permits service by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

The Advisory Committee Notes to Rule 4 provide further guidance as to when alternative service under Rule 4(f)(3) may be appropriate:

> The Hague Convention, for example, authorizes special forms of service in cases of urgency if conventional methods will not permit service within the time required by the circumstances. Other circumstances that might justify the use of additional methods include the failure of the foreign county's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States. In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement. Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.

---

[2] "The 'primary innovation' of the Hague Service Convention—set out in Articles 2-7 is that it 'requires each state to establish a central authority to receive requests for service of documents from other countries.' . . . Submitting a request to a central authority is not, however, the only method of service approved by the Convention." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 698 (1988).

*Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-CV-564, 2013 WL 12178588, at *2 (S.D. Ohio Aug. 21, 2013) (citing Fed. R. Civ. P. 4, Advisory Committee Note to Subdivision (f)(3)).

Plaintiff does not specify the subsection of Rule 4(f) under which he brings his motion. He simply states that his process server has indicated that the best method for effectuating service upon Defendants would be to mail the summons and complaint to the P.O. Box in Alberta. (*See* ECF No. 4, PageID.28.) Thereafter, Plaintiff's brief provides only a cursory discussion of the Alberta Rules of Court. Though Plaintiff mentions that Canada is a signatory to the Hague Convention, he provides no analysis or briefing regarding the specific article(s) of the Hague Convention that would apply here or whether the proposed means of service are prohibited by international agreement. Additionally, Plaintiff provides no argument as to how his preferred method of service would be consistent with due process. *See Lexmark*, *supra*, 2013 WL 12178588, at *2 (noting that "even if service is permitted by a particular method" under Rule 4(f), that method must still "comport[] with constitutional notions of due process").

In short, Plaintiff has not met his burden to show that a Court order permitting service in the manner Plaintiff requests would be permissible or necessary. For this reason, Plaintiff's Motion for Substitutional Service Upon Defendants Pursuant to Alberta Rules of Court 11.5, 11.9, and 11.28(1) (ECF No. 4.) is **DENIED**.

**SO ORDERED**.

Dated: April 4, 2022

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 8, 2022, by electronic and/or ordinary mail.

s/ Lisa Bartlett<br>Case Manager